**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR<br>INDUSTRY PENSION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : | |
| | : | |
| TRUSTEES OF THE NATIONAL ELEVATOR<br>INDUSTRY HEALTH BENEFIT FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : | |
| | : | |
| TRUSTEES OF THE NATIONAL ELEVATOR<br>INDUSTRY EDUCATIONAL FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : | |
| | : | |
| TRUSTEES OF THE ELEVATOR INDUSTRY<br>WORK PRESERVATION FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : | **COMPLAINT<br>CIVIL ACTION NO.** |
| | : | |
| and | : | |
| | : | |
| TRUSTEES OF THE ELEVATOR<br>CONSTRUCTORS ANNUITY AND<br>401(K) RETIREMENT FUND<br>19 Campus Boulevard, Suite 200<br>Newtown Square, PA 19073-3228, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| VM JACK & ELEVATOR REPAIR INC.<br>432 4th Lane SW<br>Vero Beach, FL  32962, | : | |
| | : | |
| VIVIEL VAZQUEZ<br>4949 N. Hwy AIA, #153<br>N. Hutchinson Island, FL  34949 | : | |
| | : | |
| and | : | |
| | : | |

VICTOR MARQUEZ                          :
432 4th Lane SW                         :
Vero Beach, FL  32962,                  :
                                        :
                    Defendants.         :

## COMPLAINT

### (TO COMPEL A PAYROLL AUDIT AND FOR EQUITABLE RELIEF)

### Parties

1.      The National Elevator Industry Pension Fund ("Pension Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Pension Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.      The National Elevator Industry Health Benefit Fund ("Health Benefit Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Health Benefit Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Health Benefit Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.   The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

3.      The National Elevator Industry Educational Fund ("Educational Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the

Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).   The Educational Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.   The Educational Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.   The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4.      The Elevator Industry Work Preservation Fund ("Work Preservation Fund") is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a.   The Work Preservation Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.   The Work Preservation Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

5.      The Elevator Constructors Annuity and 401(k) Retirement Fund ("Annuity 401(k) Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Annuity 401(k) Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.   The Annuity 401(k) Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.      VM Jack & Elevator Repair Inc. ("VM Jack"), is a Florida business existing under Florida laws with offices located at 432 4th Lane SW, Vero Beach, FL  32962.

7.      VM Jack transacts business in Florida as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting

commerce" as defined in Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

8.      At all relevant times, VM Jack was and is signatory and bound to the Agreements between the International Union of Elevator Constructors, AFL-CIO, and the National Elevator Bargaining Association ("Collective Bargaining Agreements") by virtue of its Short Form Agreement.

9.      Victor Marquez, is an officer and owner of VM Jack, and resides at 432 4th Lane SW, Vero Beach, FL  32962.

10.      At all relevant times, Victor Marquez exercised control and discretion over the assets of VM Jack, including, but not limited to, decisions regarding the collection of receivables for VM Jack, the disbursement of payroll to employees, the disbursement of any payroll deductions authorized by VM Jack's employees, and the amounts to be paid to the Plaintiffs.  Accordingly, Victor Marquez is a fiduciary to the Pension Fund, Health Benefit Fund, Educational Fund, and Annuity 401(k) Fund, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

11.      Viviel Vazquez, is an officer and owner of VM Jack, and resides at 4949 N. Hwy AIA, #153, N. Hutchinson Island, FL  34949.

12.      At all relevant times, Viviel Vazquez exercised control and discretion over the assets of VM Jack, including, but not limited to, decisions regarding the collection of receivables for VM Jack, the disbursement of payroll to employees, the disbursement of any payroll deductions authorized by VM Jack's employees, and the amounts to be paid to the Plaintiffs.  Accordingly,

Viviel Vazquez is a fiduciary to the Pension Fund, Health Benefit Fund, Educational Fund, and Annuity 401(k) Fund, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

13.     During the period of February 1, 2018 to the present, the Defendant VM Jack employed employees performing work covered by the Collective Bargaining Agreement.

## Jurisdiction

14.     This Court has jurisdiction of this action under Section 502 of ERISA, 29 U.S.C. §§ 1132, and supplemental jurisdiction for any state law claims under 28 U.S.C. Section 1367(a). This is an action to compel an audit and for equitable relief.

15.     Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), as it is the district in which Plaintiffs are located and administered.

16.     This Court has personal jurisdiction over the Defendant pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## COUNT I

### (TO COMPEL A PAYROLL AUDIT)

17.     An audit of Defendant VM Jack & Elevator Repair, Inc.'s records from February 1, 2018, to the date the audit can be completed, will permit the Plaintiffs to determine whether the Defendant has and is properly reporting the correct number of employees working under the Collective Bargaining Agreement, the correct number of hours worked by the employees, the correct contribution rates and the correct amounts owed to each of the Plaintiffs.

18.     The Defendant VM Jack & Elevator Repair, Inc. has refused requests to cooperate in a payroll audit conducted on behalf of the Plaintiffs by the certified public accounting firm of Daniel A. Winters & Co.

19.     Pursuant to the Defendant VM Jack & Elevator Repair, Inc.'s Short Form Agreement, the Defendant is a party to and bound by the terms and conditions of the Plaintiffs' Restated Agreements and Declarations of Trust.

20.     Under the terms of the Short Form Agreement and Plaintiffs' Restated Agreements and Declarations of Trust, and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and *Central States Pension Fund v. Central Transport, Inc.*, 472 U.S. 559 (1985), the Plaintiffs are entitled to obtain and conduct an audit of VM Jack & Elevator Repair, Inc.'s payroll and related records and an employer is obligated to submit to a payroll compliance review conducted by the Plaintiffs.

21.     Plaintiffs will seek a judgment in this action against the Defendants for all contributions, interest, liquidated damages and attorneys' fees and costs which are discovered to be due as a result of the audit.

**WHEREFORE,** the Plaintiffs pray judgment on Count I as follows:

1.  For a Court Order requiring the Defendant VM Jack & Elevator Repair, Inc. to submit all payroll books and records to the Plaintiffs, and to cooperate with the Plaintiffs' designee, the certified public accounting firm of Daniel A. Winters & Co., to complete a payroll compliance review, at the Defendant's expense, for the period of February 1, 2018, through the date the audit can be conducted;

2.  That the Court find Defendants VM Jack & Elevator Repair, Inc., Viviel Vazquez, and Victor Marquez liable for all amounts owed to the Plaintiffs under the Collective Bargaining Agreement as a result of the audit;

3.  To enter judgment against the Defendants VM Jack & Elevator Repair, Inc., Viviel Vazquez, and Victor Marquez in the amount of reasonable attorney's fees and costs incurred by the

6

Plaintiffs in bringing this action;

4. For such further relief as the Court may deem appropriate.

Respectfully submitted,

DATE: <u>June 18, 2019</u>

<u>s/ Andrew Kelser</u>
Andrew Kelser, Bar No. 314865
**O'DONOGHUE & O'DONOGHUE LLP**
325 Chestnut Street
Suite 600
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996